IN THE UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARMORTECH WINDOWS & DOORS, INC.,

        Plaintiff,

    Case No. 8:17-cv-03031-T-23JSS

v.

CLEAR CHOICE WINDOWS & MORE, INC.,
PAUL HARDY
and JAMES HARDY,

        Defendants.

_____/

### PLAINTIFF'S INITIAL COMPLAINT

Plaintiff ARMORTECH WINDOWS & DOORS, INC. ("ARMORTECH"), by and through their undersigned attorneys hereby sues Defendants CLEAR CHOICE WINDOWS & MORE, INC. ("CLEAR CHOICE"), PAUL HARDY and JAMES HARDY and alleges:

### THE PARTIES

1.    ARMORTECH is a Florida corporation and the current owner of certain ARMORTECH® Trademarks. ARMORTECH is owned and operated by David Yount.

2.    Defendants are the current registrants of and/or controlling force behind the registration and maintenance of the following domain names (collectively, the "Infringing Domain Names"):

- ARMORTECHWINDOWSANDDOORS.NET

- ARMORTECHWINDOWS.COM

- ARMORTECHWINDOWS.NET

- ARMORTECHWIN.COM

1


TPA 047738  $400

- ARMORTECHWIN.NET

- ARMORTECH-WINDOWS.COM

- ARMORTECH-WINDOWS.NET

- ARMORTECH-WIN.COM

- ARMORTECH-WIN.NET

- ARMORTECHWINDOWS.ORG

3.     Defendant CLEAR CHOICE is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Largo, Florida.

4.     Defendant Paul Hardy is an individual residing in Largo, Florida.  Defendant Paul Hardy is a conscious, dominant and active force behind the wrongful acts of CLEAR CHOICE, which wrongful acts he has engaged in for the benefit of the latter and for their gain and benefit.

5.     Defendant James Hardy is an individual residing in Largo, Florida.  Defendant James Hardy is a conscious, dominant and active force behind the wrongful acts of CLEAR CHOICE, which wrongful acts he has engaged in for the benefit of the latter and for their gain and benefit.

## JURISDICTION AND VENUE

6.     This is a civil action for violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. §1125 and the Florida Deceptive and Unfair Trade Practices Act, §501.204, and for unfair competition under both 15 U.S.C. §1125(a) and Florida common law. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338 because federal questions are presented.

2

7.     This Court has supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. §1367(a), because they form part of the same case and controversy and derive from a common nucleus of operative facts.

8.     This Court has personal jurisdiction over Defendants because they reside in Florida and are subject to general jurisdiction in Florida.

9.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants reside in the territorial jurisdiction of the Middle District and a substantial part of the events or omissions giving rise to the claims occurred in the territorial jurisdiction of the Middle District.

## GENERAL ALLEGATIONS

10.     CLEAR CHOICE was formed in June 2004 and engaged and engages in the business of installing windows and doors in at least Pinellas, Hillsborough, Pasco, Manatee and Sarasota counties.

11.     David Yount began working in sales for CLEAR CHOICE in 2006.

12.     In June 2007, Yount left CLEAR CHOICE to establish ARMORTECH.  Yount was not legally prohibited in any way from opening this competing business.

13.     ARMORTECH was formed in August 2007.  ARMORTECH is in the business of maintaining and installing windows and doors for customers in Florida.

14.     ARMORTECH owns all right, title and interest in and to the following marks (hereinafter the "ARMORTECH Marks"), which it has owned and used continuously since March 2007 in connection with the installation of doors and windows ("the Services"):

3

- U.S. Trademark Registration No. 5,007,729 for the word mark ARMORTECH. A true and correct copy of the U.S. Certificate of Registration is attached hereto as Exhibit A.

- U.S. Trademark Registration No. 3,527,193 for the design mark ARMORTECH WINDOWS & DOORS, INC.[1] A true and correct copy of the U.S. Certificate of Registration is attached hereto as Exhibit B.

- Florida Trademark Registration No. T08000000389 for ARMORTECH (and design of brown and green mango tree bent from wind behind gray 3-section window with arch top and red hurricane "O" in the word "ARMORTECH"). A true and correct copy of the Florida Registration is attached hereto as Exhibit C.

15.     In February 2008, ARMORTECH established a web-site at the domain name armortechwindowsanddoors.com. ARMORTECH used then and uses now the ARMORTECH Marks on the web-site to advertise the Services. The ARMORTECH Marks are well known in connection with offering its installation services in the Florida area.

16.     The ARMORTECH Marks are inherently distinctive to both the public and trade in connection with installation of windows and doors. The ARMORTECH Marks serve primarily as a designator of origin of services originating from ARMORTECH.

17.     As a result of their widespread use and display, the ARMORTECH Marks have built up secondary meaning and extensive goodwill.

---



1

4

18.    CLEAR CHOICE was displeased that Yount established a competing business and became aware that Yount was using or intended to use the ARMORTECH Marks. CLEAR CHOICE, Paul Hardy and James Hardy then planned and carried out a purposeful scheme to disrupt and misappropriate ARMORTECH's business and customers by registering confusingly similar domain names, using those domain names to direct internet traffic to CLEAR CHOICE's web-site, utilizing the ARMORTECH Marks to intentionally confuse customers and disparaging ARMORTECH and damaging its reputation within the community.

19.    In February 2008, Paul Hardy in concert with CLEAR CHOICE and James Hardy, and acting as an agent and authorized licensee thereof, registered ten domain names with the intent to purposefully and illegally disrupt ARMORTECH's business and divert ARMORTECH customers to CLEAR CHOICE.  The Infringing Domain Names include:

- ARMORTECHWINDOWSANDDOORS.NET
- ARMORTECHWINDOWS.COM
- ARMORTECHWINDOWS.NET
- ARMORTECHWIN.COM
- ARMORTECHWIN.NET
- ARMORTECH-WINDOWS.COM
- ARMORTECH-WINDOWS.NET
- ARMORTECH-WIN.COM
- ARMORTECH-WIN.NET
- ARMORTECHWINDOWS.ORG

A true and correct copy of the registration is shown in Exhibit D.

20.    All ten registered domain names include the mark "ARMORTECH" and are confusingly similar to the ARMORTECH Marks.

21.    Defendants maintained and used the Infringing Domain Names to divert customers away from ARMORTECH and to themselves.

22.    In June 2017, ARMORTECH discovered an online advertisement (the "Infringing Ad") prepared by CLEAR CHOICE and/or the Hardys. The advertisement included large lettering asking, "Did you know Clear Tech owns armortechwindows.com?" Underneath the lettering, the advertisement included Clear Choice contact information, specifically "Clear Choice Windows and More, Inc. – Tampa, Clearwater, Largo, St. Pete." A true and correct copy of the advertisement is attached as Exhibit E.

23.    WHOIS is a service that will identify the registrant or holder of a domain name. In June 2017, a WHOIS search for armortechwindows.com and armortechwin.com showed that the domain names were registered to Domains By Proxy, LLC ("Domains By Proxy"). Domains By Proxy is a company which hides the true identity of the domain name registrant.

24.    Defendants acted in concert to intentionally register and maintain ten domain names through Domains By Proxy to prevent ARMORTECH from identifying Defendants as the current registrant, to trade off of the goodwill in the ARMORTECH Marks and to interfere with ARMORTECH's business.

25.    Even though CLEAR CHOICE and/or the Hardys utilized Domains By Proxy, it is apparent that they are the true registrant and controlling force over armortechwindows.com and armortechwin.com because the link to armortechwindows.com in the Infringing Ad directs the user to the CLEAR CHOICE web-site at www.clearchoicewindows.com. Likewise entering armortechwindows.com or armortechwin.com in June 2017 would direct a user to

www.clearchoicewindows.com. This is because armortechwindows.com and armortechwin.com include a 301 redirect to the CLEAR CHOICE web-site. A person attempting to access armortechwindows.com or armortechwin.com is therefore automatically redirected to www.clearchoicewindows.com. This purposeful redirection is aimed at confusing consumers. A true and correct copy of evidence of the armortechwindows.com redirect is attached as Exhibit F.

26.    In June 2017, ARMORTECH demanded that CLEAR CHOICE immediately transfer to ARMORTECH all rights in and to any infringing domain names, cease further use of the ARMORTECH Marks, and provide ARMORTECH with a list of all domain names utilizing the term ARMORTECH owned by CLEAR CHOICE or its affiliates. A true and correct copy of the letter is attached as Exhibit G.

27.    In response to the letter CLEAR CHOICE listed the ten domain names enumerated in paragraph 19 and shown in Exhibit D. CLEAR CHOICE has not transferred any rights to the domain names listed, or attempted to.

28.    No Defendant has any bona fide rights in the ARMORTECH Marks.

29.    ARMORTECH currently cannot determine the number of ARMORTECH customers Defendants successfully diverted to CLEAR CHOICE's web-site. Defendants' unlawful acts have caused and will continue to cause irreparable harm to ARMORTECH, and to the business and substantial goodwill represented thereby, and said acts damage and continue to damage ARMORTECH.

## COUNT I:
## Cyberpiracy under 15 U.S.C. §1125(d) against Defendants

30.    ARMORTECH incorporates by reference paragraphs 1-29.

31.    Defendants used the Infringing Domain Names with a bad faith intent to profit.

33.     Defendants have no trademark or service mark rights in the term "ARMORTECH." Defendants have no other intellectual property rights in the Infringing Domain Names.

34.     Defendants have never used the name "ARMORTECH" to identify themselves, and have never been commonly known by the name "ARMORTECH."

35.     Defendants used the Infringing Domain Names and Infringing Ad to purposefully redirect customers from the domain name armortechwindows.com and armortechwin.com to clearchoicewindows.com to attempt to confuse consumers into purchasing CLEAR CHOICE's services instead of ARMORTECH's Services. On information and belief, the other Infringing Domain Names also, at one point in time, included redirects to CLEAR CHOICE's web-site.

36.     The Infringing Domain Names are identical to or nearly identical to and confusingly similar to the ARMORTECH Marks.

37.     The Infringing Domain Names are dilutive of the distinctive quality of the ARMORTECH Marks, and have harmed the goodwill of the ARMORTECH Marks.

38.     No Defendant has ever made bona fide fair use of the name "ARMORTECH."

39.     ARMORTECH has been irreparably injured by Defendants' actions.

40.     Defendants violated the Anticybersquatting Consumer Protection Act ("ACPA"), codified at Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d).

**WHEREFORE**, ARMORTECH respectfully requests the Court:

(a)     permanently restrain and enjoin Defendants, collectively and individually, and their agents, servants, employees, successors and assigns, and all those in privity with them, from registering or using any internet domain name that incorporates, imitates, or is confusingly similar to the ARMORTECH Marks;

8

(b)      order Defendants to transfer all domain names registered by Defendants, jointly or severally, using or incorporating the ARMORTECH Marks, or any colorable imitation thereof, to ARMORTECH;

(c)      order Defendants to account to Plaintiff for any and all profits derived by them from the sale of products or services through the use of the ARMORTECH Marks or the Infringing Domain Names;

(d)      order Defendants to, within (30) days after the entry of the injunction, file with this Court, and serve on ARMORTECH's attorneys, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(e)      enter judgment for damages sustained by ARMORTECH including, but not limited to, lost profits and any other damages the Court deems proper, plus prejudgment interest thereupon;

(f)      enter judgment for statutory damages of $100,000 per Infringing Domain Name, pursuant to 15 U.S.C. §1117 for a violation of 15 U.S.C. §1125(d)(1), totaling $1,000,000;

(g)      order Defendants to reimburse ARMORTECH all reasonable litigation expenses including attorney's fees and costs of this action pursuant to 15 U.S.C. §1117 and other applicable laws; and

(h)      order any other relief as the Court may deem appropriate.


## COUNT II:
### Florida Deceptive and Unfair Trade Practices Act against Defendants
### (Sections 501.201-501.213, Florida Statutes)

41.      ARMORTECH incorporates by reference paragraphs 1-29.

42.     This is a cause of action for unfair methods of competition, unconscionable acts or practices and unfair or deceptive acts or practices brought under the Florida Deceptive and Unfair Trade Practices Act, §501.204, Florida Statutes.

43.     Defendants knew of ARMORTECH's use of the ARMORTECH Marks in connection with the Services.

44.     CLEAR CHOICE is a direct competitor of ARMORTECH, engaged in offering identical services – installation of windows and doors – within the same geographic area.

45.     Defendants intentionally redirected and mislead consumers to gain a business advantage by placing the Infringing Ad and utilizing the Infringing Domain Names to direct consumers to CLEAR CHOICE's web-site and cause customers to mistakenly purchase CLEAR CHOICE services supposing that they are ARMORTECH Services.

46.     Additionally, Defendants used the Infringing Ad to gain a business advantage by misleading consumers into believing that ARMORTECH was either owned by or affiliated with CLEAR CHOICE, thereby causing customers to utilize CLEAR CHOICE services instead of ARMORTECH Services.

47.     Defendants' actions constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of §501.204, Florida Statutes.

48.     Defendants willfully undertook these acts and knew or should have known that such uses or practices were unlawful.

49.     ARMORTECH has been actually damaged by Defendants' aforementioned acts. Specifically, ARMORTECH suffered a loss of profit due to the deception actually caused by Defendants in redirecting consumers from ARMORTECH to CLEAR CHOICE.

50.     Consumer confusion will continue to occur if Defendants are permitted to continue to engage in the aforementioned acts.

**WHEREFORE**, ARMORTECH respectfully requests the Court, pursuant to §501.211, Florida Statute:

(a)     permanently restrain and enjoin Defendants, collectively and individually, and their agents, servants, employees, successors and assigns, and all those in privity with them, from registering or using any internet domain name that incorporates, imitates, or is confusingly similar to the ARMORTECH Marks;

(b)     order Defendants to transfer all domain names registered by Defendants, jointly or severally, using or incorporating the ARMORTECH Marks, or any colorable imitation thereof, to ARMORTECH;

(c)     order Defendants to account to ARMORTECH for any and all profits derived by them from the sale of products or services directly caused by the use of the ARMORTECH Marks or the Infringing Domain Names;

(d)     enter judgment for ARMORTECH's actual damages in the amount of ARMORTECH's lost profits, plus prejudgment interest thereupon;

(e)     order Defendants to reimburse ARMORTECH all reasonable litigation expenses including attorneys' fees and costs of this action pursuant to §501.2105, Fla. Stat. and other applicable laws; and

(h)     order any other relief as the Court may deem appropriate.

### COUNT III:
### Unfair Competition against CLEAR CHOICE
### (15 U.S.C. 1125(a))

51.     ARMORTECH incorporates by reference paragraphs 1-29.

11

52.     This is a cause of action for unfair competition pursuant to 15 U.S.C. §1125(a) against CLEAR CHOICE.

53.     The ARMORTECH Marks are valid and protectible under Section 43(a) of the Lanham Act.   ARMORTECH owns all right, title and interest in and to the ARMORTECH Marks and holds the exclusive rights to market and sell window and door installation services bearing the ARMORTECH Marks.

54.     The ARMORTECH Marks have achieved secondary meaning, associating them in the minds of the purchasing public with ARMORTECH and its Services.

55.     CLEAR CHOICE's use and promotion of a mark confusingly similar to the ARMORTECH Marks to redirect consumers away from ARMORTECH to CLEAR CHOICE will likely cause confusion or mistake, or deceive as to the affiliation, connection, or association of ARMORTECH with CLEAR CHOICE, or as to the origin, sponsorship or approval by ARMORTECH of CLEAR CHOICE's services.

56.     CLEAR CHOICE's use of the ARMORTECH Marks in both the Infringing Domain Names and Infringing Ad constitutes a false description of origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

57.     CLEAR CHOICE's use of the ARMORTECH Marks is without ARMORTECH's consent or permission.

58.     ARMORTECH has been damaged by CLEAR CHOICE's use of the ARMORTECH Marks and will suffer irreparable harm.

**WHEREFORE,** ARMORTECH respectfully requests the Court to enter judgment against CLEAR CHOICE as to Counts III as follows:

(a) Permanently restrain and enjoin CLEAR CHOICE and its parents, subsidiaries, affiliated companies, officers, agents, directors, employees, shareholders, and attorneys and all those persons in active concern or participation with it from:

    a. Further infringing the ARMORTECH Marks, and from selling, marketing, offering for sale, advertising, or promoting any services bearing any simulation, reproduction, copy or colorable imitation of the ARMORTECH Marks;

    b. Using any simulation, reproduction, copy or colorable imitation of the ARMORTECH Marks in connection with the promotion, advertisement, sale or offering for sale of window and door installation services;

    c. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services sold or offered for sale by CLEAR CHOICE are in any manner associated or connected with ARMORTECH, or are sold, licensed, sponsored or authorized by ARMORTECH;

    d. Using any false designations or representations or from otherwise committing any acts of unfair competition with respect to ARMORTECH or the ARMORTECH Marks; or

    e. Engaging in any other activity constituting unfair competition with ARMORTECH, or constituting an infringement of the ARMORTECH Marks, or of ARMORTECH's rights in, or to use or to exploit the ARMORTECH Marks.

13

(b) Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the services sold and promoted by CLEAR CHOICE are authorized by ARMORTECH or related in any way to ARMORTECH.

(c) Directing that an accounting occurs and judgment be rendered against CLEAR CHOICE for:

    a. All profits received by CLEAR CHOICE from the sale of services caused by the improper use of the ARMORTECH Marks and Infringing Domain Names; and

    b. All profits received by CLEAR CHOICE and all actual damages sustained by ARMORTECH on account of CLEAR CHOICE's unfair competition.

(d) Awarding ARMORTECH its costs in this action; and

(e) Awarding ARMORTECH such other and further relief as the Court may deem just and proper.

## COUNT IV:
## Common Law Unfair Competition against CLEAR CHOICE

59.     ARMORTECH incorporates by reference paragraphs 1-29.

60.     This is a Florida common law unfair competition claim for damages and injunctive relief against CLEAR CHOICE.

61.     The ARMORTECH Marks are valid and protectible based on ARMORTECH's exclusive and continuous use since March 2007 in connection with window and door installation services. ARMORTECH owns all right, title and interest in and to the ARMORTECH Marks.

62.     The ARMORTECH Marks are distinctive and have acquired secondary meaning.

63.     CLEAR CHOICE used and is using the ARMORTECH Marks both in the Infringing Domain Names and Infringing Ad to offer identical services in the same trade channels and trade area where ARMORTECH has established goodwill in its marks.

64.     CLEAR CHOICE's use of the ARMORTECH Marks is without ARMORTECH's consent or permission.

65.     CLEAR CHOICE's use of the ARMORTECH Marks is likely to confuse consumers as to the source of the services the CLEAR CHOICE is offering. Customers are likely to mistakenly believe that ARMORTECH itself is offering the services or that ARMORTECH is affiliated or associated with them.

66.     ARMORTECH has been damages by Defendants' aforementioned acts.

**WHEREFORE**, ARMORTECH respectfully requests the Court to enter judgment against CLEAR CHOICE as to Counts IV as follows:

(a) Permanently restrain and enjoin CLEAR CHOICE and its parents, subsidiaries, affiliated companies, officers, agents, directors, employees, shareholders, and attorneys and all those persons in active concern or participation with it from:

   a. Further infringing ARMORTECH's Marks, and from selling, marketing, offering for sale, advertising, or promoting any services bearing any simulation, reproduction, copy or colorable imitation of ARMORTECH's Marks;

   b. Using any simulation, reproduction, copy or colorable imitation of the ARMORTECH Marks in connection with the promotion, advertisement, sale or offering for sale of window and door installation services;

    c. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services sold or offered for sale by CLEAR CHOICE are in any manner associated or connected with ARMORTECH, or are sold, licensed, sponsored or authorized by ARMORTECH;

    d. Using any false designations or representations or from otherwise committing any acts of unfair competition with respect to ARMORTECH or the ARMORTECH Marks; or

    e. Engaging in any other activity constituting unfair competition with ARMORTECH, or constituting an infringement of the ARMORTECH Marks, or of ARMORTECH's rights in, or to use or to exploit the ARMORTECH Marks.

(b) Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the services sold and promoted by CLEAR CHOICE are authorized by ARMORTECH or related in any way to ARMORTECH.

(c) Directing that an accounting occurs and judgment be rendered against CLEAR CHOICE for:

    a. All profits received by CLEAR CHOICE from the sale of services caused by the improper use of the ARMORTECH Marks and Infringing Domain Names; and

b. All profits received by CLEAR CHOICE and all actual damages sustained by ARMORTECH on account of CLEAR CHOICE's unfair competition.

(d) Awarding ARMORTECH its costs in this action; and

(e) Awarding ARMORTECH such other and further relief as the Court may deem just and proper.

**Demand For Jury Trial**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 15th day of December, 2017.

/s/Adrienne Love/
**ADRIENNE C. LOVE**
Florida Bar No. 021835
**J. WILEY HORTON**
Florida Bar No. 0059242
Pennington, P.A.
215 S. Monroe St., 2nd Floor
Tallahassee, Florida 32301
Telephone:   (850) 222-3533
Facsimile:    (850) 222-2126
Attorneys for Plaintiff

17

# United States of America

### United States Patent and Trademark Office

# ArmorTech

**Reg. No. 5,007,729**

**Registered Jul. 26, 2016**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

ArmorTech Windows & Doors, Inc. (FLORIDA CORPORATION)
1872 North Hercules Avenue
Clearwater, FL 33765

CLASS 35: Retail store services featuring windows and doors and installation thereof

FIRST USE 3-1-2008; IN COMMERCE 3-1-2008

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 3527193

SER. NO. 86-848,420, FILED 12-14-2015

IDI A CLARKE, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

**Exhibit A**

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

- **First Filing Deadline:** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- **Second Filing Deadline:** You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at h ttp://www.uspto.gov.**

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at http://www.uspto.gov.**

**Exhibit B**

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 3,527,193
Registered Nov. 4, 2008

## SERVICE MARK
### PRINCIPAL REGISTER



ARMORTECH WINDOWS & DOORS, INC. (FLORIDA CORPORATION)

1610 N. HERCULES AVE.,

CLEARWATER, FL 33765

FOR: RETAIL STORE SERVICES FEATURING WINDOWS AND DOORS AND INSTALLATION THEREOF, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 3-1-2008; IN COMMERCE 3-1-2008.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "WINDOWS & DOORS, INC.", APART FROM THE MARK AS SHOWN.

THE COLOR(S) BROWN AND GREEN MANGO TREE AND RED HURRICANE O IN THE WORD ARMOTECH IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF BROWN AND GREEN MANGO TREE BEHIND GRAY 3 SECTION WINDOW WITH ARCH TOP AND RED HURRICANE O IN THE WORD ARMOTECH.

SER. NO. 77-436,714, FILED 4-1-2008.

CHRIS WELLS, EXAMINING ATTORNEY

**Exhibit C**

# T080000000389

_____
(Requestor's Name)

_____
(Address)

_____
(Address)

_____
(City/State/Zip/Phone #)

☐ PICK-UP    ☐ WAIT    ☐ MAIL

_____
(Business Entity Name)

_____
(Document Number)

Certified Copies _____    Certificates of Status _____

┌─────────────────────────────────────┐
│ Special Instructions to Filing Officer: │
│                                       │
│                                       │
│                                       │
│                                       │
│                                       │
└─────────────────────────────────────┘

Office Use Only



900121064999

03/31/08--01037--020   **175.00

T08-389



FILED
08 APR -1 PM 2: 37
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

N. CAUSSEAUX

APR   1 2008

EXAMINER

**Exhibit C**

# COVER LETTER

**TO:**   Registration Section
Division of Corporations

**SUBJECT:**   Armotech and Design
_____
(Mark to be registered)

The enclosed Trademark/Service Mark Application, specimens and fee(s) are submitted for filing.

Please return all correspondence concerning this matter to the following:

J. David Haynes, Esq.
_____
(Name of Person)


_____
(Firm/Company)


10225 Ulmerton Rd., 7C
_____
(Address)

Largo, FL 33771
_____
(City/State and Zip Code)

For further information concerning this matter, please call:

J. David Haynes                    at (  727  )    584-6100
_____
(Name of Person)              (Area Code & Daytime Telephone Number)


**MAILING ADDRESS:**               **STREET/COURIER ADDRESS:**
Registration Section                Registration Section
Division of Corporations            Division of Corporations
P.O. Box 6327                       Clifton Building
Tallahassee, FL 32314               2661 Executive Center Circle
                                    Tallahassee, FL 32301


**(NOTE:** The information contained in this cover letter will be included in the permanent record and will be available to the general public.)

**Exhibit C**

# APPLICATION FOR THE REGISTRATION OF A TRADEMARK OR SERVICE MARK
### PURSUANT TO CHAPTER 495, FLORIDA STATUTES

**TO:**   **Division of Corporations**
**Post Office Box 6327**
**Tallahassee, FL 32314**

## PART I

1.  **OWNER/APPLICANT:**  Enter the name and address of the individual or the business entity to be listed as the owner of the Trademark and/or Service Mark on the records of the Florida Department of State.

(a) Owner's/Applicant's name:   Armortech Windows & Doors, Inc.

(b) Owner's/Applicant's business address: 1610 N. Hercules Ave.

Clearwater, FL 33765
City/State/Zip

If different, Owner's/Applicant's mailing address: _____

_____
City/State/Zip

(c) Owner's/Applicant's telephone number: ( 727 )   447-3789

Check the appropriate box to indicate the Owner/Applicant is a(n):
- [ ] Individual      [X] Corporation      [ ] Joint Venture   [ ] Limited Liability Company
- [ ] General Partnership   [ ] Limited Partnership   [ ] Union   [ ] Other:_____

If the Owner/Applicant is a business entity, the business entity must have an active filing or registration on file with the Florida Department of State.  If the Owner/Applicant is **not** an individual, enter the business entity's Florida registration/document number in #1, the state or country under the laws of which the business entity is currently formed, organized or incorporated under in #2, and the entity's federal employer identification number (EIN) in #3.

(1) Florida registration/document number: _____ P07000093175 ✓ _____

(2) Domicile State or Country: _____ Pinellas _____

(3) Federal Employer Identification Number: _ 26-0836023 _

2. (a) <u>SERVICE MARK:</u>  If the owner/applicant is using the name, logo, design and/or slogan being registered in connection with a type of service, the mark is a service mark.  If the mark is a service mark, the applicant/owner must list the specific service(s) the mark is being used in connection with.  For example: furniture moving services, diaper services, house painting services, wholesale and retail sales of tractor equipment, etc.  <u>If the owner/applicant is using the mark to identify services available in the market place, enter the specific service(s) being rendered here:</u>

<u>(Note: List only those services currently being rendered by the owner/applicant.  Do not include future services.)</u>

retail sales of windows and doors and installation thereof

_____

_____

**Page 1 of 4**

**Exhibit C**

2. (b) <u>TRADEMARK:</u> · If the owner/applicant is using the name, logo, design and/or slogan being registered in connection with an actual product manufactured by the owner/applicant or on the owner/applicant's behalf, the mark is a trademark.   If the mark is a trademark, the applicant/owner must list the specific product(s) the name, logo, design and/or slogan is being used to identify.   For example: ladies sportswear, cat food, barbecue grills, shoe laces, etc.   <u>If the owner/applicant is using the name, logo, design and/or slogan to identify goods available in the market place, enter the specific product(s) the name, logo, design and/or slogan is being used to identify:</u>

<u>(Note: List only those product(s) currently available.   Do not include future products.)</u>

_____

_____

_____

## 2. (c) <u>HOW IS THE NAME, LOGO, DESIGN AND/OR SLOGAN CURRENTLY USED:</u>

<u>SERVICE MARKS:</u>  If the name, logo, design and/or slogan are/is being used in connection with a type of service, you must specify the form(s)/mean(s) of advertisement the applicant/owner is using to advertise the services to the general public.  For example:  newspaper advertisements, business cards, brochures, flyers, pamphlets, menus, etc.  <u>If the mark is being used in connection with a type of service, state how the name, logo, design and/or slogan are/is being used in advertising here:</u>

```
newspapers, phamplets, brochures, advertisement ads for sale

 and installation of windows and doors.

Web page and internet.
```

<u>TRADEMARKS:</u>  If the name, logo, design and/or slogan are/is being used to identify a product manufactured by or fore the applicant/owner, you must specify how the mark is applied or affixed to the actual product or its packaging.  For example:  a tag, label, imprinted or engraved on the actual product, etc.  <u>If the mark is being used in connection with a specific product, state how the name, logo, design and/or slogan is applied or affixed to the actual product(s) or the packaging:</u>

_____

_____

_____

2. (d) <u>FEE(S) AND CLASS(ES):</u>  There are a total of 45 classes or categories in which all products or services must be categorized.  The fee to register a mark is $87.50 per class.  Make check payable to Florida Department of State.

<u>List the class(es) which apply to the product(s) and/or service(s) listed in 2(a) and/or 2(b) above:</u>

```
       35 & 37
```

_____

**Exhibit C**

## PART II

1. You must state the date the name, logo, design and/or slogan was first used in the state of Florida, and, if it was used in another state or country, the date you first used the name, logo, design and/or slogan in the other state or country. Enter the month, day, and year the name, logo, design and/or slogan was first used by the applicant/owner, the predecessor, or a related company in Florida. If the name, logo, design and/or slogan has been used in another state or country, then you must also enter the month, day, and year the name, logo, design and/or slogan was/were used in another state or country, when applicable.

**Note: The Florida Statutes require a mark to be in use prior to registration.**

(a) Date first used in other state or country, if applicable: _3-1-08_

(b) Date first used in Florida: _____3-1-08_____

## PART III

### ENTER NAME, LOGO, DESIGN AND/OR SLOGAN BEING REGISTERED:

1. Enter the name, a brief description of the logo or design, and/or the slogan you are registering. The description of the logo and/or design must be 25 words or less. List the exact name, slogan, and/or description of the logo/design here: (NOTE: The name, logo, design and/or slogan listed in this section must match the exact name, logo, design and/or slogan listed on your specimens or examples.)

_Brown and Green mango tree bent from wind behind gray 3-section window with arch top and_

_red hurricane O in the word Armotech._

_____

Provide the English translation of any and all terms listed #1 above, when applicable:_____
_____

2. DISCLAIMER STATEMENT (if applicable):
Your mark may include a word or design that is commonly used by others. Commonly used terms or designs must be disclaimed. When you disclaim a specific term or design, you are acknowledging this term is commonly used by others and that you do not claim the exclusive right to use the disclaimed term or design. All geographical terms and representations of cities, states or countries must be disclaimed (i.e., Miami, Orlando, Florida, the design of the state of Florida, the design of the United States of America, etc.). Corporate suffixes and terms readily associated with the specific product(s) and/or(s) service being provided must also be disclaimed.

**Enter all terms listed in #1 above which require a disclaimer in the space provided below:**

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE THE TERM(S)" _windows & doors, Inc._
_____ " APART FROM THE MARK AS SHOWN.

**Exhibit C**

### 3. ATTACH OR INCLUDE THREE SPECIMENS OR EXAMPLES OF THE TRADEMARK OR SERVICE MARK BEING REGISTERED

Chapter 495, F.S., requires you to submit three specimens (samples or examples) of the mark in use.  You must submit three specimens FOR EACH CLASS listed in Part I #2(d).  The name, logo, design and/or slogan on the specimens must be identical to the name, logo, design and/or slogan being registered.  You may provide three identical specimens or three different specimens.  For each service mark class (classes 35-45), you may provide three newspaper advertisements, business cards, brochures, flyers, or any combination thereof.  For each trademark class (classes 1-34), you may provide three tags, labels, boxes, etc. or any combination thereof.  Photographs of bulky specimens are acceptable if the mark being registered and the good(s) or product(s) are clearly legible.

### SIGNATURE OF APPLICANT/OWNER AND NOTARIZATION:

I,   David Yount                                          , being sworn, depose and say that I am the owner and the applicant herein, or that I am authorized to sign on behalf of the owner and applicant herein, and to the best of my knowledge no other person except a related company has registered this mark in this state or has the right to use such mark in Florida either in the identical form thereof or in such near resemblance as to be likely, when applied to the goods or services of such other person to cause confusion, to cause mistake or to deceive.  I make this affidavit and verification on my/the applicant's behalf.  I further acknowledge that I have read the application and know the contents thereof and that the facts stated herein are true and correct.

David Yount, President
**Typed or printed name of applicant**

_Did ChS, President_
**Applicant's signature**
**(List name and title)**

STATE OF   FLORIDA

COUNTY OF   PINELLAS

On this  28  day of  March              ,  2008  ,   David Yount                   personally appeared before me,

☐ who is personally known to me     ☒ whose identity I proved on the basis of  Fl Driver's License

(Seal)

NOTARY PUBLIC-STATE OF FLORIDA
J. DAVID HAYNES
COMMISSION # DD409326
EXPIRES: MAY 03, 2009
Bonded Thru Atlantic Bonding Co., Inc.

Notary Public Signature

J. David Haynes
**Notary's Printed Name**

My Commission Expires:_____

**FILING FEE: $87.50 per class**

## Exhibit C



6/28/2017  Case 8:17-cv-03031-SDM-JSS   Document 1  Filed 12/18/17   Page 28 of 39 PageID 28
My Account | Order History | Receipt

**Exhibit D**



GoDaddy.com, LLC
14455 N. Hayden Rd.
Suite 219
Scottsdale, AZ 85260
(480) 505-8877

# Receipt

Date: Feb 29, 2008 10:08 AM

Receipt #: 100457278
Customer #: 17062412

**Bill To:**
Paul Hardy
Clear Choice Windows and More

12505 Starkey Rd
Suite H
Largo, FL 33773
United States
7275324010

**Payment Information:**
Paul Hardy
Visa ###########1307
**Paid: $202.18**

# Items

.NET Bulk Domain Registration
ARMORTECHWINDOWSANDDOORS.NET

Item Number: 60161
Quantity: 1
Term: 2

**Exhibit D**

List Price: $0.00
Purchase Price: $17.98
ICANN Fee: $0.40
Discount: $0.00
Subtotal: $18.38
Taxes: $0.00
Total: $18.38

### .COM Bulk Domain Registration
ARMORTECHWINDOWS.COM

Item Number: 60041
Quantity: 1
Term: 2

List Price: $0.00
Purchase Price: $17.98
ICANN Fee: $0.40
Discount: $0.00
Subtotal: $18.38
Taxes: $0.00
Total: $18.38

### .NET Bulk Domain Registration
ARMORTECHWINDOWS.NET

Item Number: 60161
Quantity: 1
Term: 2

List Price: $0.00
Purchase Price: $17.98
ICANN Fee: $0.40
Discount: $0.00
Subtotal: $18.38
Taxes: $0.00
Total: $18.38

### .COM Bulk Domain Registration
ARMORTECHWIN.COM

Item Number: 60041
Quantity: 1
Term: 2

My Account | Order History | Receipt

**Exhibit D**

List Price: $0.00
Purchase Price: $17.98
ICANN Fee: $0.40
Discount: $0.00
Subtotal: $18.38
Taxes: $0.00
Total: $18.38

### .NET Bulk Domain Registration
ARMORTECHWIN.NET

Item Number: 60161
Quantity: 1
Term: 2

List Price: $0.00
Purchase Price: $17.98
ICANN Fee: $0.40
Discount: $0.00
Subtotal: $18.38
Taxes: $0.00
Total: $18.38

### .COM Bulk Domain Registration
ARMORTECH-WINDOWS.COM

Item Number: 60041
Quantity: 1
Term: 2

List Price: $0.00
Purchase Price: $17.98
ICANN Fee: $0.40
Discount: $0.00
Subtotal: $18.38
Taxes: $0.00
Total: $18.38

### .NET Bulk Domain Registration
ARMORTECH-WINDOWS.NET

Item Number: 60161
Quantity: 1
Term: 2

List Price: $0.00
Purchase Price: $17.98
ICANN Fee: $0.40
Discount: $0.00
Subtotal: $18.38
Taxes: $0.00
Total: $18.38

## .COM Bulk Domain Registration
ARMORTECH-WIN.COM

Item Number: 60041
Quantity: 1
Term: 2

List Price: $0.00
Purchase Price: $17.98
ICANN Fee: $0.40
Discount: $0.00
Subtotal: $18.38
Taxes: $0.00
Total: $18.38

## .NET Bulk Domain Registration
ARMORTECH-WIN.NET

Item Number: 60161
Quantity: 1
Term: 2

List Price: $0.00
Purchase Price: $17.98
ICANN Fee: $0.40
Discount: $0.00
Subtotal: $18.38
Taxes: $0.00
Total: $18.38

## .ORG Domain Registration
ARMORTECHWINDOWS.ORG

Item Number: 12102
Quantity: 1
Term: 2

Exhibit E

← Mobile 📞 ⋮

**MESSAGES**  PHOTOS & VIDEOS  eGIFT  CONTA

1:13 PM

Did you know
Clear Tech owns
armortechwindows.com?

Clear Choice Windows and More, Inc
- Tampa, Clearwater, Largo, St Pete
- hurricane window - hurricane door
- replacement windows - hurricane
windows



Located centrally in Pinellas County, we
are your local hurricane window and door
replacement specialists. Energy efficient
hurricane windows & doors.

Clear Choice

It links back to their website

 Type a message...    

Exhibit F

# MX TOOLBOX®

Blog   API   Products   About Us   Support   Login

MX Lookup   Blacklists   Diagnostics   Domain Health   Analyze Headers   Free Monitoring   Investigator   DNS Lookup   More▾

## SuperTool Beta7

armortechwindows.com   [ HTTPS Lookup ▾ ]

**https://armortechwindows.com**   Monitor This   ⟳ https

Thumbnail

We've Moved!
1300 Starkey Road, Suite 110
Largo, FL 33771

Certificate

| Test | Result |
| --- | --- |
| ● HTTP Connect | Unable to connect to the remote server (https://armortechwindows.com) |

dns lookup   dns check   mx lookup   whois lookup   ❶ More Info

Resolved by mxtoolbox.com on 5/23/2017 at 8:33:34 PM. not for you (History)   Transcript

**https://armortechwindows.com**   Monitor This   ⟳ https

Thumbnail

Free MxToolBox Account
Get 11 Free Monitors™. Email Notifications and Troubleshooting Info

⊗ Blacklist Monitoring

⋏ Bulk Lookup

❸ MailFlow Monitoring

⋏ Service Provider Monitoring

**Exhibit F**

>>> http://armortechwindows.com

> -------------------------------------------

> 301 Moved Permanently

> -------------------------------------------

**Status:** 301 Moved Permanently
**Code:** 301
**Cache-Control:** max-age=900
**Content-Type:** text/html
**Location:** http://www.clearchoicewindows.com
**Server:** Microsoft-IIS/7.5
**X-AspNet-Version:**4.0.30319
**X-Powered-By:** ASP.NET
**Date:** Mon, 26 Jun 2017 14:00:07 GMT
**Content-Length:** 0
**Age:** 0


>>> http://www.clearchoicewindows.com

> -------------------------------------------

> 302 Found

> -------------------------------------------

**Status:** 302 Found
**Code:** 302
**Date:** Mon, 26 Jun 2017 14:00:07 GMT
**Server:** Apache
**Location:** https://clearchoicewindows.com/
**Content-Length:**215
**Connection:** close
**Content-Type:** text/html; charset=iso-8859-1


>>> https://clearchoicewindows.com/

> -------------------------------------------

> 200 OK

> -------------------------------------------

**Status:** 200 OK
**Code:** 200
**Date:** Mon, 26 Jun 2017 14:00:08 GMT
**Server:** Apache
**X-Pingback:** https://clearchoicewindows.com/xmlrpc.php
**Link:** <https://clearchoicewindows.com/wp-json/>; rel="https://api.w.org/",
<https://clearchoicewindows.com/>; rel=shortlink
**Set-Cookie:** wfvt_-1429777912=59511369a3580; expires=Mon, 26-Jun-2017 14:30:09 GMT; path=/;
secure; httponly
**Connection:**close
**Content-**

**Exhibit F**

**Type:**
text/html; charset=UTF-8

**Exhibit G**



**Adrienne Love**
Attorney at Law
Phone: (850) 222-3533
Fax: (850) 222-2126
adrienne@penninglaw.com

June 26, 2017

*Via Regular U.S. Mail*

Clear Choice Windows & More, Inc.
1200 Starkey Road Suite 110
Largo, FL 33771

Clear Choice Windows & More, Inc.
12775 Starkey Road Building A
Largo, FL 33773

      RE:    Regarding Infringing Ad & Domain Name
             www.ArmorTechWindows.com

Dear Sir or Madam:

I represent ArmorTech Windows and Doors, Inc. ("ArmorTech") an entity with its principal place of business in Clearwater, FL. ArmorTech owns the registered U.S. Trademark pertaining to the design trademark ARMORTECH WINDOWS AND DOORS, registered on November 4, 2008 (U.S. Registration No. 3,527,193), the word mark ARMORTECH, registered on July 26, 2016 (U.S. Registration No. 5,007,729), and the Florida trademark, ARMORTECH and Design, registered on April 1, 2008 (Document Number T08000000389). My client began use of the trademarks in March of 2008 in connection with products including windows and doors and retail services for installation of windows and doors.

Clear Choice Windows & More, Inc. ("Clear Choice") has registered and is using the domain name "armortechwindows.com" (hereinafter the "Domain Name") in violation of the Anticybersquatting Consumer Protection Act of 1999, which is embodied in the Lanham Act. Additionally, Clear Choice is intentionally trading on the goodwill of ArmorTech by using a trademark that is confusingly similar to ArmorTech's trademark.

It is apparent that Clear Choice's use of the Domain Name, adwords and any metatags is intended to (and actually does) confuse and misdirect customers seeking ArmorTech's web-site to Clear Choice's web-site and services. An example of the blatant infringing activity is attached hereto, wherein customers are directed to Clear Choice's web-site for installation of windows and doors that do not originate with ArmorTech. The ad specifically states, "Did you know Clear Tech owns armortechwindows.com?" When the user clicks on the link, the user is redirected to Clear Choice's web-site. Clear Choice profits from the re-direction of

**Exhibit G**

consumers searching for ArmorTech's services. Clear Choice's use of the term "ArmorTech" and the domain name is actionable under federal law and causes Clear Choice to be liable to ArmorTech in every state in which Clear Choice has made sales. Clear Choice's activities are unlawful and constitute unfair competition, intentional trademark infringement, trademark dilution, false designation of origin and cybersquatting.

The Lanham Act provides numerous remedies for trademark infringement and dilution, including, but not limited to, preliminary and permanent injunctive relief, monetary damages, a defendant's profits and where intentional infringement is shown (as would be the case here), attorneys' fees and possible treble money damages.

ArmorTech would like to resolve the matter amicably. However, ArmorTech is prepared to file a lawsuit if necessary to protect its rights and business. Therefore, ArmorTech demands that Clear Choice immediately cease such infringing activity, desist from such infringing activity in the future, and comply with ArmorTech's other requirements as set forth below.

ArmorTech demands that Clear Choice:

1.     Immediately transfer any and all rights of Clear Choice in and to the domain name ArmorTechWindows.com to ArmorTech.

2.     Immediately cease and desist from all further use of the ArmorTech mark and any other designations likely to cause confusion with ArmorTech's trademarks, including the use of the mark "ArmorTech" or the ArmorTech domain name (armortechwindows.com) or any similar mark within the adwords or meta-tags for the web-site.

3.     Provide ArmorTech with sufficient information to determine the full amount of ArmorTech's gross revenues and profits derived from its use of the ArmorTech Trademark designation.

4.     Provide ArmorTech with a list of all domain names owned by Clear Choice or its affiliates that include the term "ArmmorTech" or any colorably similar term. For each domain name identify the date of purchase, the listed owner and the name of the proxy service utilized to maintain the privacy of the owner, if any.

5.     Provide ArmorTech with sufficient information and data to determine the traffic that has passed through the infringing domain names for the past year.

6.     Promptly provide ArmorTech with written confirmation that Clear Choice will comply with these demands.

Clear Choice is specifically advised that any failure or delay in complying with these demands will likely compound the damages for which it may be liable. If ArmorTech does

**Exhibit G**

not receive a satisfactory response by the close of business on July 5, 2017, ArmorTech is prepared to take all steps necessary to protect ArmorTech's valuable intellectual property rights, without further notice.

This letter also serves as your notice to take immediate action to preserve electronically stored information that may contain evidence important to the above referenced legal matter. This notice includes, but is not limited to any work computing devices, personal computing devices utilized for work matters, all computer systems and removable electronic media. It also includes, but is not limited to, e-mail and other electronic communications, electronically stored documents, records, images, graphics, spreadsheets, databases, calendars, deleted files, cache files and other data.

The above is not an exhaustive statement of all the relevant facts and law. ArmorTech expressly reserves all of its legal and equitable rights and remedies, including the right to seek injunctive relief and recover monetary damages.

Please contact the undersigned with any question or concerns.

Sincerely,

Adrienne Love

Enclosure

**Exhibit G**

4G 59% 3:37 PM

← 

**Mobile**

**MESSAGES**     PHOTOS & VIDEOS     eGIFT     CONTA

1:13 PM

Did you know
Clear Tech owns
armortechwindows.com?

Clear Choice Windows and More, Inc
- Tampa, Clearwater, Largo, St Pete
- hurricane window - hurricane door
- replacement windows - hurricane
windows



Located centrally in Pinellas County, we
are your local hurricane window and door
replacement specialists. Energy efficient
hurricane windows & doors.

Clear Choice

It links back to their website

 Type a message...